UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ALPINE MORTGAGE CORP.,

               Plaintiff,

v.                                                                      Case Number 07-10736
                                                                      Honorable Julian Abele Cook, Jr.

ASHER WORLDWIDE ENTERPRISES, L.L.C.,

and

FIRST FIDELITY CENTERS, L.L.C.,

               Defendants.

_____/


## ORDER

On February 20, 2007, the Plaintiff, Alpine Mortgage Corp. ("Alpine"), filed a Complaint, in which it charged the Defendants, Asher Worldwide Enterprises, L.L.C. ("Asher") and First Fidelity Centers, L.L.C. ("First Fidelity"), with violating a variety of federal and state (Michigan) laws relating to legally prohibitive trademark infringement and unfair business practices. On March 16th, First Fidelity filed an answer that was followed shortly thereafter with a motion from Alpine whereby it requested the Court to strike the answer.[1] For the reasons that have been set forth below, the Court will grant Alpine's motion.

First Fidelity's answer of March 16th was written by Steve Sherlin, the Company's president, on its letterhead and in a letter format. Attached to his two-page answer was a letter that was

---

[1] As of this date, Asher has not responded to the charges by Alpine in its Complaint.

addressed to the Clerk of the Court, stating: "We are a small business and would appreciate it if we could receive a summary judgment of dismissal due to the fact their [sic] was no damages and the lack of authority to use our name."

In its motion to strike First Fidelity's answer, including Sherlin's attached letter, Alpine contends that a corporation may only file responsive pleadings through licensed counsel. Moreover, Alpine submits that it is legally impermissible for Sherlin, as an officer in one of the Defendants in this lawsuit, to write and file the answer on behalf of his Company.

In general, a corporation may not appear before a federal court without being represented by an attorney. *Doherty v. American Motors Corp.,* 728 F.2d 334, 340 (6th Cir. 1984). Moreover, an officer of a corporation, who is not licensed to practice law, is not permitted to appear in a federal court litigation on behalf of his organization as its legal representative. *Ginger v. Cohn,* 426 F.2d 1385, 1386 (6th Cir. 1970). Rather, a corporation is obligated to "obtain counsel elsewhere or lose the opportunity to appear in federal court." *Rowland v. California Men's Colony*, *Unit II Advisory Council,* 506 U.S. 194, 218 (1993).

Significantly, First Fidelity has not denied Alpine's assertion that Sherlin is not qualified to act as its legal representative in this litigation. Furthermore, First Fidelity has not provided the Court with any documentation that would establish Sherlin's right to practice law in this federal court.

Hence, the Court concludes that Alpine's motion to strike First Fidelity's answer to the complaint must be, and is, granted. In granting Alpine's motion to strike, the Court has not, implicitly or explicitly, reached a determination with regard to the merit of its claims against either of the Defendants. First Fidelity shall have a period of twenty (20) days from the date of this Order in which to file an answer or to take such appropriate action by licensed attorney in the State of Michigan as permitted by law. The Clerk of the Court shall be, and is, directed to strike and remove the

Defendant's answer in its entirety from the record.

    IT IS SO ORDERED.

Dated: May 22, 2007　　　　　　　　　　　　s/ Julian Abele Cook, Jr.
       Detroit, Michigan　　　　　　　　　　　　JULIAN ABELE COOK, JR.
                                         United States District Court Judge

## Certificate of Service

     I hereby certify that on May 22, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                            s/ Kay Alford
                                                            Courtroom Deputy Clerk